UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MADERA, et al.,<br><br>Defendants. | No. 1:23-cv-00332-ADA-HBK<br><br>ORDER GRANTING THE PARTIES' STIPULATIONS<br><br>(ECF Nos. 14, 15) |

Before this Court are the Stipulated Consent Decree (ECF No. 14) and Stipulated Scheduling Order Regarding Reasonable Attorneys' Fees and Costs (ECF No. 15) submitted by Plaintiff Human Rights Defense Center and Defendants County of Madera, Sheriff Tyson J. Pogue, Undersheriff Darin McMechan, Assistant Sheriff Brian Esteves, and Staff Does 1–10. In the Stipulated Consent Decree, the Parties state the following:

> The Court finds that this case concerns the First and Fourteenth Amendment rights of a publisher[] and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The Court further finds that the relief herein ordered is narrowly drawn, extends no further than necessary to correct the harms alleged by Plaintiff and requiring injunctive relief, and is the least intrusive means necessary to correct the alleged harm.

(ECF No. 14 at 6–7.)

Stipulations to questions of law do not bind the Court. *Avila v. I.N.S.*, 731 F.2d 616, 620 (9th Cir. 1984); *see also Perez-Guzman v. Lynch*, 835 F.3d 1066, 1077 (9th Cir. 2016) ("[T]here is no 'impropriety in refusing to accept what in effect [is the parties'] stipulation on a question of law.'") (quoting *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc*., 508 U.S. 439, 440 (1993)). Thus, the Court will construe this provision of the Stipulated Consent Decree as the Parties' Stipulation as follows:

> The Parties herein stipulate that this case concerns the First and Fourteenth Amendment rights of a publisher and is, therefore, not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The Parties further stipulate that the relief they herein agreed upon is narrowly drawn, extends no further than necessary to correct the harms Plaintiff alleged in requiring injunctive relief, and is the least intrusive means necessary to correct the alleged harm.

Should the Parties not agree, the Parties should brief the issue and file their response to the same within five court days of the date of this order. The Parties' briefs are not to exceed five pages.

Otherwise, upon consideration and good cause having been shown, the Court grants the Parties' Stipulations.

Accordingly,

1. The Court directs the Parties to file briefing within five court days of the date of this order if the Parties disagree with the Court's interpretation of provision ten of the Stipulated Consent Decree (ECF No. 14);

2. If the Parties fail to timely inform the Court that they disagree with its interpretation of provision ten, the Parties' request for entry of the Stipulated Consent Decree (ECF No. 14), construing provision ten as the Parties' stipulation, not a finding of this Court, is GRANTED without further order of the Court;

3. The Court GRANTS the Parties' Stipulated Scheduling Order (ECF No. 15); and

///

///

///

4. The Court retains jurisdiction over this matter for the purposes of enforcement.

IT IS SO ORDERED.

Dated: August 24, 2023

_____
UNITED STATES DISTRICT JUDGE